UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN HALL,

      Petitioner,

v.

Case No. 1:06-cv-530
Hon. Robert J. Jonker

KEN MCKEE,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to contest a major misconduct conviction which resulted in the loss of earned good time.

**I.**    **Background**

Petitioner's claim arose from the attempted escape of another prisoner, Patrick Kinney, from the Riverside Correctional Facility (RCF) on September 24, 2003, by cutting a hole in a fence. Petition Brief at 1 (docket no. 2). Prison officials investigated petitioner as an accomplice in the escape attempt. *Id.* Petitioner was housed in the same 6-man cell as Kinney and had two of Kinney's magazines in his possession. *Id.* In addition, the Michigan State Police obtained an invoice showing that petitioner had two ordered books found in Kinney's property, i.e., the *United States Air Force, Search and Rescue Survival Training* guide and *Fight for your Life!*. *Id.* Based upon this evidence, and statements of other prisoners that petitioner and Kinney were close friends, prison officials charged petitioner with being an accomplice with Kinney. *Id.* Petitioner denied knowledge of Kinney's intentions. *Id.*

In a misconduct hearing held on November 13, 2003, the hearing officer found petitioner was guilty of acting as an accomplice to Kinney in the attempted escape and by providing Kinney with the Air Force survival guide, which by its very nature was escape material, because it dealt with survival, escape and evasion. Misconduct Hearing Report (Nov. 13, 2003), attached to Petition Brief as Exh. E. The hearing officer found petitioner not guilty of two charges related to Kinney's assault of an officer during the escape attempt and Kinney's cutting of the fence. *Id.*

Petitioner filed an administrative request for rehearing, which was denied on March 8, 2004. *Id.* at 4; Exh. D attached to petition. Petitioner contends that Michigan Department of Corrections (MDOC) officials prevented him from filing a timely appeal in the state circuit court. Petition Brief at 4. Specifically, petitioner states that he mailed his appeal "to a friend in the free world to have photocopies made," that prison officials intercepted the mail and that the resulting delay prevented him from filing a timely appeal. *Id.*

Petitioner filed an "application to file delayed appeal for judicial review of an administrative hearing" and a three-page "petition for judicial review of a decision by the Department of Corrections Hearings Division" on June 2, 2004. *Id.* at 4-5; docket no. 10.[1] In his actual appeal, petitioner sought relief on five grounds:

I. The hearing officer violated the Fourteenth Amendment and [*Bordenkircher v. Hayes*, 434 US 357 (1978)], by punishing him for giving "contraband" to someone even though staff approved his receipt of the "contraband" in the first place.

II. The hearing officer violated the Fourteenth Amendment and Department of Corrections Policy Directive 03.03.105, p6 para FF and Attachment A, p1, by finding petitioner guilty of "accomplice to"

---

[1] The petition was docketed as filed by the state circuit court on June 14, 2004. *See* docket nos. 10, 12. For purposes of this report, the court will assume that the petition was filed when petitioner alleged (i.e., June 2, 2004).

>
> possession of dangerous contraband even though no one was convicted of the prerequisite charge of possessing that specific contraband.
>
> III. The hearing officer's finding of guilt on the accomplice to attempted escape charge violates Mich. Const. 1963, Art VI, § 28 and [M.C.L. § 791.255(4)], because it is not supported by competent, material, and substantial evidence on the whole record.
>
> IV. The hearing officer violated the Fourteenth Amendment and *Tocco v. Marquette Warden*, 123 Mich. App. 395; 33 N.W.2d 235 (1983), by denying the petitioner access to a report on which the findings of guilt were based.
>
> V. Prison officials violated the Fourteenth Amendment; [M.C.L. § 791.252(e)]; [MDOC, Policy Directive 03.03.105, p4, para T, para V; and Hearings Handbook, pp 17, 19, 20, by manipulating procedures to exclude a key witness.

Petition for Judicial Review at ¶¶ 7(a) - (e). The Circuit Court dismissed the appeal as untimely because petitioner failed to timely appeal within 60 days as required by M.C.L. § 791.255(2). *Hall v. Michigan Department of Corrections*, No. 04-840-AA (Ingham Cir. Ct. Oct. 14, 2004) (docket no. 12).

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, raising the singular issue:

> Does the circuit court lose subject-matter jurisdiction over an otherwise properly filed appeal from an agency decision if the appeal was filed one month late where the reason for the lateness was that the agency intercepted the appeal and prevented timely filing?

Delayed Application (docket no. 12). The Michigan Court of Appeals denied the application for lack of merit on the grounds presented. *Hall v. Dept. of Corrections*, No. 259951 (Mich. App. May 26, 2005).

3

On June 23, 2005, petitioner filed an application for leave to appeal to the Michigan Supreme Court raising the same issue. Application for leave to appeal (docket no. 13). Petitioner then filed an amended application for leave to appeal setting forth the original issue ( issue I. below) and five new issues:

I. Does the circuit court lose subject-matter jurisdiction over an otherwise properly filed appeal from an agency decision if the appeal was filed one month late where the reason for the lateness was that the agency intercepted the appeal and prevented timely filing?

II. Can a prisoner be punished for giving another prisoner a book that prison staff allowed the first prisoner to receive?

III. Can a prisoner be found guilty of "accomplice to" another prisoner's possession of dangerous contraband misconduct for giving the other prisoner a book even though the second prisoner was only convicted of possessing both bolt cutters and maps?

IV. Are a prisoner's misconduct convictions valid if he was denied access, without explanation, to a staff investigator's report upon which the convictions were based?

V. Are a prisoner's convictions valid if he was denied a key witness, either because the witness was allowed to refuse to appear without explanation or because a prison official falsely claimed that the witness refused to appear?

VI. Is a prisoner's conviction for accomplice to attempted escape supported by competent, material, and substantial evidence on the whole record where its basis is that the prisoner knew the intentions of the prisoner who attempted to escape and where the only evidence is a staff investigator's statement that is contradicted by other evidence and witnesses?

Amend. App. (docket no. 13). The Michigan Supreme Court construed this "amended application" as a motion to add new issues. *Hall v. Michigan Department of Corrections*, No. 128968 (Mich. Dec. 15, 2005).

The Michigan Supreme Court directed the Michigan Attorney General, on behalf of the respondent, Michigan Department of Corrections, to answer petitioner's application and "to include a statement as to whether petitioner is essentially accurate in his allegation that respondent held petitioner's legal papers until after expiration of the relevant legal deadline." *Id*. The court further stated that the application for leave to appeal, "including the motion to add issues," remained pending. *Id.* The Michigan Supreme Court subsequently denied both petitioner's motion to add issues and the application for leave to appeal. *Hall v. Michigan Dept. of Corrections*, 474 Mich. 1113-15; 712 N.W.2d 160 (April 21, 2006).

This matter is now before the court on Hall's federal habeas petition, which raised five issues:

    I.    The hearing officer violated the 14th Amendment by punishing Hall [for] giving contraband to another prisoner even though the prison staff approved Hall's receipt of the "contraband."

    II.    The hearing officer violated the 14th Amendment by finding Hall guilty without making a [finding] on an essential element of misconduct.

    III.    The hearing officer violated the 14th Amendment by denying access to the inspector's report.

    IV.    Prison officials violated the 14th Amendment by denying Hall the testimony of a key witness without any justification.

    V.    The hearing officer violated the 14th Amendment by finding Hall guilty without sufficient evidence.

Petition at 1-5 (docket no. 1).

    **II.**    **Procedural Default**

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant

to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). A habeas petition containing unexhausted claims should be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).

However, where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

In *Hughes v. Burkett*, No. 01-10173-BC, 2002 WL 31750746 (E.D. Mich. Oct. 8, 2002), the court outlined the procedure by which a Michigan prisoner seeks administrative and judicial review of a major misconduct conviction:

> To exhaust his claim, the petitioner's proper avenue is to request a rehearing of the decision with the hearings administrator at the facility where he was convicted of the major misconduct violation. *See* Mich. Comp. Laws § 791.255(1). Rehearing requests of major misconduct convictions are explicitly authorized by the Michigan Administrative Code. *See* Mich. Admin. Code § 791.3320(4). Such a request must be filed "in order to exhaust [the petitioner's] administrative remedies before seeking judicial review of the final decision or order." *Id.* Then, the petitioner has sixty days from the date of an adverse decision on his request for rehearing to file "an application for direct review" in the Michigan circuit courts. Mich. Comp. Laws § 791.255(2). That decision, in turn, must be appealed to the Michigan Court of Appeals and Michigan Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (concluding that one full round of the state appellate process must be exhausted before a habeas corpus petition is filed); *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich.2002) (holding that petitioners challenging Michigan state-law convictions must first bring their claims before the Michigan Court of Appeals and the Michigan Supreme Court).

*Hughes*, 2002 WL 31750746 at *1. "In a very real sense, the misconduct hearing is only the first step of a statutory scheme carefully designed to assure fair disciplinary procedures." *Branham v. Spurgis*, 720 F.Supp. 605, 608 (W.D. Mich. 1989) (emphasis added).

In his petition, Hall asserts that he exhausted the state remedies as required to bring a federal habeas action, claiming that he raised these five issues in his administrative review, and his appeals filed in the Ingham Circuit Court and in the Michigan Supreme Court. Petition at 1-5; Petition Brief at 6-7. Petitioner omits the fact that he did not raise any of these issues in the Michigan Court of Appeals. Furthermore, the Michigan Court of Appeals and the Michigan Supreme Court considered only the issue of whether petitioner's appeal was properly dismissed as untimely. A claim is procedurally defaulted when a petitioner fails to give the state courts a "full and fair" opportunity to resolve that claim and he cannot cure the failure because the state court

remedies are no longer available. *Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004). As the court explained in *Rust v. Zent*, 17 F.3d 155 (6th Cir. 1994):

> Exhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue, thus providing the state courts an opportunity to correct a constitutionally infirm state court conviction. If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts.

*Rust*, 17 F.3d at 160.

Based on this record, the court concludes that petitioner's habeas claim is procedurally defaulted. The appeal procedures discussed in *Hughes* were firmly established and regularly followed when petitioner was convicted of the major misconducts on November 13, 2003.[2] Neither of the state appellate courts addressed the five issues raised in the petition due to petitioner's procedural default of filing an untimely appeal in the state circuit court. Because petitioner's claim is procedurally defaulted, habeas review of this claim is precluded unless he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

The state courts denied petitioner's appeal based upon the argument that MDOC personnel interfered with his ability to file a timely appeal in the state circuit court. There are two separate opinions filed with this order, i.e, Justice Corrigan's concurrence and Justice Kelley's dissent. Justice Corrigan's concurrence set forth her reasons in support of the order:

---

[2] The court notes that *Hughes* was decided more than one year before petitioner's major misconduct conviction.

8

I concur in the order denying leave to appeal. Petitioner, a prisoner in a state correctional facility, was found guilty at a formal disciplinary hearing of being an accomplice to an attempted escape and to possession of dangerous contraband. His request for a rehearing was denied. He then filed a petition for appellate review in the circuit court, but the court dismissed the petition because it was not filed within 60 days of the denial of the motion for rehearing, as required by MCL 791.255(2). The Court of Appeals denied petitioner's application for leave to appeal.

Petitioner then applied for leave to appeal in this Court. In his application, petitioner attempted to explain why his petition was not filed timely in the circuit court. He asserted that he had mailed the appeal documents to a friend before the filing deadline, and that when the friend mailed the documents back to the prison, the prison officials refused to turn the papers over to petitioner because they contained information regarding another prisoner's escape.

Justice Kelly's dissenting statement repeats the above accusations that petitioner has leveled, but Justice Kelly fails to mention that this Court has already ordered, received, and considered a response from the Attorney General on this matter. In his response, the Attorney General states that an administrative hearing was held, at which the rejection of the mail was upheld. There was no indication at the hearing that the rejected mail delivery contained petitioner's appeal papers.

The Attorney General also attached a response to a grievance that was prepared following the administrative hearing upholding the rejection of the mail. This grievance response reflects that the mail was not allowed into the correctional facility for the following reasons:

> 1. It was for the purposes of operating a business enterprise from within the facility.
>
> 2. The publications enclosed in the mail were not received directly from a vendor.
>
> 3. *It depicted, encouraged, or described methods of escape from a correctional facility.*
>
> 4. *It was written in code, or in a foreign language that could not be interpreted by institutional staff to the extent necessary to conduct an effective search.* [Grievance response (emphasis added).]

In any event, the Attorney General states that petitioner had full access to the prison law library and copy facilities. Petitioner could easily have prepared and mailed the simple, two-page petition form that was required to file a timely appeal

9

> in the circuit court. Thus, the rejection of the mail did not affect petitioner's ability to perfect a timely appeal.
>
> In light of the Attorney General's response, I find no basis to conclude that the prison officials were responsible for petitioner's untimely filing of his appeal. Accordingly, I concur in the denial of the application for leave to appeal.

*Hall*, 474 Mich. at 1114.

For the reasons as set forth in Justice Corrigan's well-reasoned concurrence, the court concludes that petitioner has failed to demonstrate cause for the procedural default. Petitioner's failure to demonstrate cause prevents federal review of his habeas claim unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the United States Supreme Court described the fundamental miscarriage of justice exception as follows:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

A credible claim of actual innocence must be based on reliable evidence not presented at trial [in this case, petitioner's major misconduct hearing]. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998); *Paffhousen v. Grayson*, No. 00-1117, 2000 WL 1888659 at *3 (6th Cir. Dec. 19, 2000). Petitioner has not presented any new evidence demonstrating his actual innocence of the major misconducts for which he was convicted. Absent such evidence, petitioner has failed to demonstrate that a fundamental miscarriage of justice would exist by denying habeas review of his procedurally defaulted claim. *Coleman*, 501 U.S. 722.

Accordingly, petitioner's procedural default precludes federal habeas review of this claim.

### III. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: May 26, 2009                 /s/ Hugh W. Brenneman, Jr.
                                    HUGH W. BRENNEMAN, JR.
                                    United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).