UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRYAN HALL,

        Petitioner,

                                CASE NO. 1:06-CV-530

v.

                                HON. ROBERT J. JONKER

KEN MCKEE,

        Respondent.
_____/

## **ORDER APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 18) and Plaintiff's Objections (docket # 20). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Petitioner Bryan Hall's habeas petition be denied because Mr. Hall procedurally defaulted his claim and has failed to demonstrate that a

fundamental miscarriage of justice would exist by denying him habeas review. Mr. Hall objects generally to both of the Report and Recommendation's conclusions. After a de novo review of the record, the Court orders that Mr. Hall's habeas petition be denied.

Mr. Hall's general objections to the Magistrate Judge's conclusions do not undermine the analysis in the Report and Recommendation. Indeed, Mr. Hall never grapples with the fundamental premise of the Report and Recommendation: Namely, that by failing to present to the Michigan Court of Appeals the issues he now attempts in his motion under 28 U.S.C. § 2254, Mr. Hall procedurally defaulted his claims and review of his habeas petition is barred. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Indeed, Mr. Hall concedes that his presentation to the Michigan Court of Appeals did not raise the issues that Mr. Hall now seeks to raise on federal habeas review (docket # 20 at 3-4). The Magistrate Judge concluded correctly that Mr. Hall procedurally defaulted his section 2254 claim. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (holding that a state procedural rule warrants application of the procedural default doctrine if it was firmly established and regularly followed by the time it was applied); *Hughes v. Burkett*, No. 01-10173-BC, 2002 WL 31750746, *1 (E.D. Mich. Oct. 8, 2002) (unpublished opinion) (outlining the procedure by which a Michigan prison seeks administrative and judicial review of a major misconduct conviction). The Report and Recommendation also concluded accurately that Mr. Hall has failed to demonstrate cause for the default or that a fundamental miscarriage of justice would exist by denying habeas review of his procedurally defaulted claim. *See Coleman*, 501 U.S. at 750; *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed May 26, 2009, is approved and adopted as the opinion of this Court, as further supplemented by this Order.

**IT IS FURTHER ORDERED** that the Petitioner's habeas motion is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability from the judgment issued this date is **DENIED** because a reasonable jurist could not conclude either that the District Court erred in dismissing the petition for failure to exhaust or that the petitioner should be allowed to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


Dated:   September 25, 2009          /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE